UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMMAR MARQUS,

        Petitioner,

v.

REBECCA ADDUCCI, et al.,

        Respondents.
_____/

Case No. 20-11121
Hon. Denise Page Hood

**ORDER DISMISSING WITHOUT PREJUDICE PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS [ECF No. 1]**

On May 5, 2020, Petitioner filed a Petition for Writ of Habeas Corpus ("Petition") and a Motion for Temporary Restraining Order ("Motion for TRO"). ECF Nos. 1 and 2. The Motion for TRO sought immediate release of Petitioner based on the dangers posed by the COVID-19 pandemic. In an Order dated May 18, 2020, the Court denied Petitioner's Motion for TRO (the "May 18, 2020 Order"). ECF No. 7. The Government filed a response to the Petition on June 17, 2020, and the Court held a hearing via Zoom on June 23, 2020.

In the Petition, the Petitioner seeks release on two bases: (1) the danger to his health posed by the COVID-19 pandemic; and (2) the fact that he has been detained for two-and-a-half years, including more than 18 months since the Board of

1

Immigration Appeals rejected his appeal of the Immigration Court's denial of his request for Withholding of Removal under the Convention Against Torture (on November 23, 2018).

In the May 18, 2020 Order, the Court addressed Petitioner's arguments regarding the dangers posed by the COVID-19 pandemic. The Court found in the May 18, 2020 Order, there appears to be some evidence that Petitioner has high blood pressure (hypertension) and Petitioner suggests that he has diabetes.  The Court concluded, however, that Petitioner did not sufficiently establish any serious underlying health conditions identified by the World Health Organization or the Center for Disease Control that would make him more susceptible to severe complications in the event of a COVID-19 infection. ECF No. 7, PgID 124.

The Court notes that, as was true last month when it issued the May 18, 2020 Order, the Chippewa Center facility at which Petitioner is housed has not had any reported COVID-19 diagnoses, nor has it had any suspected cases. (ECF No. 10, Ex. C, June 17, 2020, Declaration of James Jacobs, Assistant Field Office Director with the Detroit Field Office of ERO, ICE, DHS at ¶ 15).  There still have been only two reported cases in the county where the Chippewa Center facility is located, and Petitioner has had no known contact with individuals displaying COVID-19 symptoms. (ECF No. 10, Ex. A at ¶ 17). *See* https://www.michigan.gov/coronavirus

(2 reported cases as of June 25, 2020). The Court again finds that Petitioner has not sufficiently established any serious underlying health conditions identified by the WHO or the CDC that would make him more susceptible to severe complications in the event of a COVID-19 infection.

Petitioner contends that he has been held beyond the removal period authorized by statute, especially because his removal is not reasonably foreseeable. Citing *Zadvydas v. Davis*, 533 U.S. 678 (2001). Petitioner's detention pending execution of a final deportation order is governed by 8 U.S.C. § 1231(a). Under this provision, the United States Attorney General is given a 90-day period to accomplish the alien's removal from the United States following the entry of a final order of deportation or removal. *Id*. § 1231(a)(1)(A)-(B). During this 90-day period, the alien's detention is mandatory. Id. § 1231(a)(2). After the expiration of the 90-day removal period, detention is permissible but not mandatory:

> An alien ordered removed who is . . . removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

*Id*. § 1231(a)(6).

Although § 1231(a)(6) contains no explicit time limit on the Attorney General's ability to detain an alien after expiration of the 90-day removal period, in *Zadvydas*,

the Supreme Court held that an alien's detention pending removal following expiration of the 90-day removal period may not continue indefinitely, but only for "a period reasonably necessary to secure removal." *Zadvydas*, 533 U.S. at 699-701. The Supreme Court concluded that six months from the entry of a final removal order is a presumptively reasonable period of time for the government to effect removal. *Id*. at 701.

Petitioner filed a Petition for Review with the Sixth Circuit Court of Appeals on November 23, 2018, the same day that the Board of Immigration Appeals denied his request for Withholding of Removal under the Convention Against Torture. Petitioner than filed a Motion for Stay of Removal pending his Petition for Review by the Sixth Circuit. In an Order dated June 24, 2019, the Sixth Circuit granted Petitioner's motion for stay of removal pending his petition for review. No. 18-4252 (6th Cir.) (ECF No. 22). Based on those facts, the Court finds that Petitioner's removal period is controlled by 8 U.S.C. § 1231(a)(1)(B). That statute provides:

The removal period begins on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

The Court concludes that, because: (1) Petitioner sought judicial review of the Board of Immigration Appeals' ruling; and (2) the Sixth Circuit ordered a stay of the Petitioner's removal, the removal period will not begin until the Sixth Circuit issues its final order. 8 U.S.C. § 1231(a)(1)(B)(ii). *See also Bejjani v. INS*, 271 F.3d 670, 689 (6th Cir. 2001). Accordingly, any request for the Court to conduct an analysis of Petitioner's detention pursuant to *Zadvydas* is premature. The Court therefore denies and dismisses the Petition, without prejudice.

Accordingly, and for the reasons stated above,

IT IS ORDERED that the Petition for Writ of Habeas Corpus [ECF No. 1] is DISMISSED WITHOUT PREJUDICE.

IT IS ORDERED.

                                                s/Denise Page Hood
                                                United States District Judge

DATED: July 24, 2020